IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS- EASTERN DIVISION

| | |
|---|---|
| DARRELL BYTHER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ERNESTINE B. BECK-FULGHAM, both individually and in her official capacities as Village Manager, JOSEPH ROUDEZ III, both individually and in his official capacities as Mayor, and UNIVERSITY PARK,<br><br>　　　　Defendants. | Case No. 23-cv-05807<br><br>The Honorable Judge Charles P. Kocoras |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, IV, V, VI AND VII OF PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Darrell Byther (hereinafter "Plaintiff" or "Byther") filed a nine (9) count Federal Complaint after he was terminated from his role as Director of Public Works for the Village of University Park. [Doc. 001] Count I alleges he was terminated in retaliation for engaging in conduct protected by Title VII. Counts II and III claim interference and retaliation under the Family Medical Leave Act. Count IV alleges due process violations under the United States and Illinois Constitutions. Count V is an IHRA retaliation claim that mirrors Count I. Count VI is a "1983 Deprivation based on Associational Retaliation Claim" which appears to be based on the 14th Amendment. Count VII is a *Monell* claim against the Village for "Associational Retaliation". Count VIII (incorrectly labeled Count IX) is a state law defamation claim. Count IX (incorrectly labeled Count X) is an indemnification claim against the Village.

Plaintiff's complaint does not allege any activity protected under Title VII or the IHRA, as required for a retaliation claim, and Counts I and V must be dismissed. He fails to establish a

1

property interest in continued employment and therefore cannot state a claim for a due process violation and Count IV must be dismissed. Plaintiff fails to establish a cause of action in Counts VI and VII, as "associational retaliation" is not protected under the 14th Amendment and the alleged facts in support do not amount to a cause of action. Accordingly, Defendants move for dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges a pleading for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must take all factual allegations as true, but need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. *Bell Atl. Corp.*, 550 U.S. at 555.

## ARGUMENT

I. **Plaintiff fails to plausibly suggest he engaged in protected activity under Title VII.**

To state a claim for Title VII retaliation, a plaintiff must produce evidence from which a reasonable juror could find that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the two. *Abrego v. Wilkie*, 907 F.3d 1004, 1014 (7th Cir. 2018). Protected activity includes opposing a practice made "an unlawful employment practice" by Title VII or making a charge, testifying, assisting or participating in an investigation, proceeding or hearing by an official body authorized to enforce Title VII. 42 USC 2000e(3)(a); *Hatmaker v. Mem'l Med. Ctr.,* 619 F.3d 71, 746-47 (7th Cir. 2010).

2

A complaint of discrimination is only protected under Title VII if the discrimination is based on one of the characteristics delineated in Title VII such as race, color, religion, sex or national origin. *Miller v. Chicago Transit Auth.,* 20 F.4th 1148, 1155 (7th Cir. 2021) "Vague and obscure 'complaints' do not constitute protected activity. *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013). Plaintiff alleges he engaged in conduct protected by Title VII by "testifying in an internal investigation into former chief Deborah Wilson and opposing the Golf Course's misconduct of stealing Village property." [Doc. 001 ¶ 73] Neither activity is protected by Title VII and this Count must be dismissed for failing to state a claim.

> *(1) Testifying in the internal investigation into Chief Deborah Wilson is not protected activity.*

Plaintiff fails to supply any facts to establish he participated in an investigation regarding an employment practice made unlawful by Title VII, let alone one conducted by an official body authorized to enforce Title VII. The allegations about the internal investigation are slim: "Byther's problems with the Village began when he was asked to **give a statement during an investigation against Deborah Wilson**" [Doc. 001 ¶ 29, emphasis added] "These rumors are false as both Byther and Wilson are married and in retaliation for him **testifying on behalf of Wilson in her arbitrary disciplinary matter** against the Golf Course." [Doc. 001 ¶ 56, emphasis added]

In order to constitute protected activity, this investigation must have been into discrimination based upon race, color, religion, sex or national origin. Because the investigation was clearly and unequivocally ***not*** about any unlawful employment practices, Plaintiff simply cannot clear this hurdle. Moreover, the Seventh Circuit has explained that "[t]he 'investigation' to which section 2000e-3 refers does not include an investigation by the employer, as distinct from one by an official body authorized to enforce Title VII." *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 746-47 (7th Cir. 2010). A purely internal investigation does not involve a charge or testimony

3

and neither is it a proceeding or hearing. *Id*. Plaintiff's sole allegation that he testified in an internal investigation into Chief Wilson does not plausibly suggest he engaged in protected activity.

>*(2) Opposing the Golf Course's misconduct of stealing Village property is not protected activity.*

Title VII prohibits unlawful *employment* practices. The Golf Course stealing Village property, even if true, has absolutely nothing to do with (a) employment (b) discrimination based upon race, color, religion, sex or national origin (c) participation in an investigation regarding same. Plaintiff must have a subjective, sincere and good faith belief that he is opposing an unlawful practice and this belief must also be objectively reasonable, meaning the unlawful practice involves discrimination prohibited by Title VII. *Logan v. City of Chicago*, 4 F.4th 529. 538 (7th Cir. 2021). Allegedly opposing stealing is not, by any means, protected activity under Title VII.

Plaintiff has not pled any facts to plausibly suggest he engaged in activity protected by Title VII and count I must be dismissed.

## II. **Plaintiff fails to plausibly suggest he engaged in protected activity under Title VII or the IHRA.**

Plaintiff relies upon the same activities for her IHRA claim in Count V. [Doc. 001 ¶ 114] Courts apply the well-established Title VII legal standard to IHRA discrimination claims. *Afridi v. BNSF Ry. Co.*, 18-CV-8205, 2022 WL 16696265, at *9 (N.D. Ill. Nov. 3, 2022). The IHRA protects persons that oppose unlawful discrimination, sexual harassment in employment or discrimination based on arrest record, citizenship status, or work authorization status in employment and those that make a charge, file a complaint, testify, assist or participate in an investigation, proceeding or hearing under the IHRA. 775 ILCS 5/6-101(A). Plaintiff's acts of allegedly testifying in an internal investigation into Deborah WIlson and opposing the Golf Gourse stealing property have nothing to do with employment practices made unlawful by the IHRA and are therefore not protected activities. Accordingly, Count V must be dismissed for failing to state a claim.

4

### III. **Plaintiff fails to plausibly suggest he had a property interest in his position as Director of Public Works.**

"In order to establish a claim for loss of property without due process of law in violation of the fourteenth amendment, a plaintiff must demonstrate a protectible property interest in his employment." *Thornton v. Barnes*, 890 F.2d 1380, 1386 (1989). A constitutionally protected property right in continued employment requires a "legitimate claim of entitlement to" continue the job. *Miyler v. Vill. of E. Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008); *Bd.of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Property interests are not created by the Constitution, but by independent sources such as state law or contract. *Id*. Under Illinois law, public employees do not have property rights in employment which trigger due-process protections. *Miyler*, 512 F.3d at 898. A property right in public employment can be created through statutes or ordinances, but only if they provide "some substantive criteria limiting the state's discretion", such as a requirement that employees can only be dismissed "for cause" or a clear promise of continued employment. *Id*; *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). A plaintiff alleging a due process violation bears the burden of demonstrating that he had a property interest in his job, arising either out of a statute or regulation or from a contract with a public entity. *Kreig v. Seybold*, 481 F.3d 512, 519 (7th Cir. 2007).

### *(1) Plaintiff fails to identify the source of his property interest in continued employment as Director of Public Works.*

Plaintiff does not explicitly identify the source of his alleged property interest. He claims to have a protected property interest in his position as Director of Public Works under "the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Illinois Constitution of 1970 art. 1 § 2, and the Village ordinances." [Doc. 001 ¶ 104] However, as the U.S. Supreme Court has made clear, property interests do not derive from the Constitution. *Bd.of*

5

*Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Nor does Illinois law provide Plaintiff with a constitutionally protected property interest- "[i]t is settled that, absent legislative, administrative or contractual provisions to the contrary, a public employee in Illinois holds his office at the pleasure of the appointing power, which may remove him at any time." *Willecke v. Bingham*, 278 Ill. App. 3d 4, 10 (1996).

Plaintiff fails to identify or attach any contract with the Village that would support a legitimate claim to entitlement. He vaguely references a Collective Bargaining Agreement, but neglects to identify any provisions therein that could establish a property interest in the managerial position of Director of Public Works.

### *(2) Village Ordinances do not create a property interest in continued employment as Director of Public Works.*

Defendants conclude by process of elimination that Byther believes his property interest in continued employment is established by the Village Ordinances he cites to throughout his Complaint. These Code Sections are as follows:

**Sec. 220-04 [Village Manager] Duties re employees.** The Manager shall appoint, suspend or remove all employees of the Village where not otherwise provided by statute. All employees hired by the Manager shall be at such compensation as may be set or authorized by the Board of Trustees. All employees shall perform their duties subject to the direction of the Manager or that of the superior to whom the Manager may assign such employee.

**Sec. 220-05 [Village Manager] Duties re officers and departments**. All appointive offices of the Village shall be filled by appointment by the Manager except where otherwise provided by law, and the Manager shall report to the President and Board of Trustees such appointments, or any removal from office, made by him as soon as possible after the appointment or removal. This shall not be construed to include the elected officers, the Treasurer, the Clerk or commissions, boards or committees heretofore established or which may hereafter be created by the Board of Trustees. The Manager shall appoint with the approval of the Village Board the Police Chief, the Fire Chief, the Deputy Chiefs in both departments and commanders within the Police Department. The Manager may suspend such officials and report his reasons for suspension to the Village Board for its concurrence. The Manager may remove or discharge such officials, but only after having reported the reasons for that action to the Village Board and having the Village Board confirm the Manager's decision.

Every administrative department of the Village shall be under the supervision and control of the Manager, who shall have the power to remove from office any employee where not otherwise provided by statute.

**Sec. 226-01. [Department of Public Works] Establishment, composition.** There is hereby established a Department of Public Works in and for the Village. The Department shall consist of the Director of Public Works, who shall be appointed by the Manager, and such other employees as may be provided for by the Board of Trustees. The Director shall have control and supervision over all employees assigned to the Public Works Department, subject to the control of the Manager. The Manager shall serve as the ex-officio Public Works Director until this position is filled by appointment.

Taken together, the above Code sections establish that the Manager appoints, suspends and removes the Director of Public Works. She is required to report his removal from office as soon as possible to the President and Board of Trustees. There are no limitations on the power of the Village Manager to remove the Director of Public Works, such as a requirement for cause or a limitation on her discretion. There are no time limitations on the tenure of the Director of Public Works. Clearly, the Village of University Park Code does not create a property interest for Mr. Byther.

To avoid this reality, Plaintiff relies upon inapplicable portions of Section 220-05 for the proposition that the Village Manager must report the reasons for discharge to the Board of Trustees and receive their confirmation. Not only is this section plainly inapplicable to the Director of Public Works, but it does not create a property interest.

The first sentence of Section 220-05 describes the appointment and removal powers of the Village Manager for all offices, except where provided for by law. The second sentence specifically exempts the elected officers, Treasurer, Clerk and commissions, boards or committees of the Village from the appointment and removal of the Village Manager. The next three sentences of the Code section apply specifically and only to the Police Chief, the Fire Chief, the Deputy Chiefs in both departments and commanders within the Police Department.

These provisions slightly differ from those stated in the first sentence, in that additional procedural requirements apply to suspension, removal and discharge. The last sentence of this Code section reiterates that the Village manager has the power to remove from office any employee not otherwise provided by statute.

Despite Plaintiff's contentions, the Village Manager is not required to report her reasons for removal and receive confirmation of her decision to terminate the Director of Public Works. "The Manager shall appoint with the approval of the Village Board the Police Chief, the Fire Chief, the Deputy Chiefs in both departments and the commanders within the Police Department... The Manager may remove or discharge **such officials**, but only after having reported the reasons for that action to the Village Board and having the Village Board confirm the Manager's decision" (*Univ. Park Vill. Code Section 220-05*, emphasis added). There is no question that the requirements of the prior section apply *only* to the Police Chief, Fire Chief, Deputy Chiefs and commanders, not all appointed offices of the Village, and not the Director of Public Works.

Even if this section was applicable to the Director of Public Works it still does not create a property interest. The Seventh Circuit has reiterated time and again that procedural rights in termination do not give rise to a property interest in continued employment under the Fourteenth Amendment. *Miyler*, 512 F.3d at 898 ("*A statute or ordinance that merely provides procedures to be followed does not create a substantive right*"); *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009) ("*Procedural guarantees, whether relied on or not, do not establish property interest protected under the Fourteenth Amendment's Due Process Clause*"); *Catinella v. Cnty of Cook, Illinois*, 881 F.3d 514, 518 (7th Cir. 2018) (manual or policy specifying pre-termination procedures does not create an enforceable property right). An additional procedural requirement of

8

confirmation by the Board of Trustees does not create a property right in continued employment. *Miyler*, 512 F.3d at 898.

Because Plaintiff has failed to identify or demonstrate any protectable property interest in his continued employment as Director of Public Works, Count IV must be dismissed.

### IV. **Plaintiff fails to state a claim for relief under the Fourteenth Amendment for "Associational Retaliation".**

Counts VI and VII of Plaintiff's Complaint are made up of disjointed, bare bones allegations, all of which are nonstarters. Plaintiff alleges the Fourteenth Amendment guarantees him the right to be "free from retaliation for protected activity." [Doc. 001 ¶ 123]. However, the Fourteenth Amendment does not establish a general right to be free from retaliation and is not the proper vehicle for same. See: *Boyd v. Illinois State Police*, 384 F.3d 888, 898 (7th Cir. 2004). Plaintiff refers to a "perceived allegiance to the former police chief Deborah Wilson" as protected activity then adds a paragraph about Defendant Beck-Fulghum usurping the Board of Trustees' authority. Taken together, none of these allegations amount to a cognizable claim and Count VI must be dismissed for failing to state a cause of action.

Where there is no underlying constitutional violation by a municipal employee, the Village cannot be liable under *Monell. Braun v. Vill. of Palatine*, 56 F.4th 542, 552 (7th Cir. 2002), reh'g denied, 20-3227, 2023 WL2188741 (7th Cir. Feb. 23, 2023). As Count VII is a *Monell* count against the Village for the actions specified in Count VI, it too must be dismissed.

### CONCLUSION

Plaintiff has not established the first prong of a retaliation analysis- protected activity. The actions he relies upon are not protected by Title VII or the IHRA and therefore Counts I and V must be dismissed. While Plaintiff describes in detail throughout his Complaint the procedures he believes he was entitled to prior to termination, he fails to establish the initial and requisite property

9

interest for a due process violation. This is fatal to his claim and Count IV must be dismissed. Plaintiff's § 1983 claims for "associational retaliation" are both devoid of factual support and lacking in legal foundation. For these reasons, Counts VI and VII must be dismissed.

          Respectfully Submitted,

          **ERNESTINE B. BECK-FULGHAM**
          **JOSEPH ROUDEZ III**
          **THE VILLAGE OF UNIVERSITY PARK**

          By:    */s/ Lauren M. DaValle*
                    One of their attorneys

Michael J. McGrath
Lauren M. DaValle
Odelson, Murphey, Frazier & McGrath, LTD.
3318 W. 95th St.
Evergreen Park, IL 60805
(708) 424-5678
MMcgrath@omfmlaw.com
LDavalle@omfmlaw.com