UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL BYTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23 C 05807 |
| | ) | |
| | ) | Judge Charles P. Kocoras |
| ERNESTINE B. BECK-FULGHAM, both individually and in her official capacities as Village Manager, JOSEPH ROUDEZ III, both individually and in his official capacities as Mayor, and UNIVERSITY PARK, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Defendants' motion to dismiss [51] is granted. Count V of the Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is directed to terminate Joseph Roudez III as a defendant, as the remaining counts of the Amended Complaint are against the Village and Defendant Beck-Fulgham. The parties shall file a joint status report on 12/23/2024 regarding the possibility of settlement and a proposed discovery schedule. See Statement.

## STATEMENT

Plaintiff, Darrell Byther, brings this suit against Defendants Ernestine B. Beck-Fulgham, Joseph Roudez III, and University Park ("Village"), after Byther was terminated from his employment while on leave under the Family and Medical Leave

Act ("FMLA"). Byther brings various claims against Defendants, including interference and retaliation claims under the FMLA and a state law defamation claim.

Before the Court is Defendants' motion to dismiss the defamation claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

The following facts come from the Amended Complaint and are assumed true for the purposes of this motion. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The Court accepts as true well-pleaded facts and draws all reasonable inferences in Byther's favor. *Evers v. Astrue,* 536 F.3d 651, 656 (7th Cir. 2008).

Byther began his employment at the Village in May 2007 as a maintenance technician. On or about April 2019, Byther was promoted to the position of Director of Public Works. The Village owns the University Park Golf Club and Conference Center ("Golf Course"). The Golf Course is leased by the C.H.W. Management Group L.L.C. ("CHW").

On November 4, 2021, Byther and another Village employee went to the Golf Course to retrieve one of the Village's tire changers from the garage. Upon arrival, a CHW employee informed Byther that they were not allowed to access the garage, as all Village employees were considered trespassers. The Amended Complaint is unclear as to what happened next, but from what the Court can discern, at some point during this dispute police assistance was requested, and the then-police chief, Deborah Wilson,

became involved in the matter. Wilson was also denied access to the garage. Eventually, Byther and the other Village employee gained access to the garage though an opening and discovered that the tire changer and other Village property were missing. Wilson wrote a police report for the missing Village property.

On January 28, 2022, a few months after the dispute at the Golf Course, Byther requested medical leave under the FMLA from January 31, 2022, to February 28, 2022. Byther started his leave on January 31, 2022. On February 3, 2022, Byther received a letter from the Village Manager, Defendant Beck-Fulgham, requesting that Byther's medical provider fill out an additional form, even though the form had previously been filled out and provided to the Village's Human Resources Director. Beck-Fulgham then requested that Byther submit a formal written request for medical leave to his office, and that Byther return all Village property in his possession within 24 hours upon receipt of the letter. Byther understood these requests to be a covert warning not to proceed with his request for FMLA leave. Byther complied with these requests but was ultimately terminated by Beck-Fulgham on February 22, 2022, while Byther was still on FMLA leave.

After Byther's termination, Defendants Beck-Fulgham and Roudez III, the Village Mayor, began a smear campaign against Byther, and falsely accused Byther of stealing money from the Village's golf course and of having an affair with Wilson.

Byther proceeded by filing this suit. Byther's Amended Complaint brings claims for (1) interference under the FMLA; (2) retaliation under the FMLA; (3) violation of

due process; (4) violation of the Illinois Whistleblower Act; (5) defamation; and (6) indemnification. Byther voluntarily dismissed the due process and whistleblower claims. *See* Dkt. # 47. Now, the Village seeks dismissal of Count V under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendants argue that Byther's FMLA and state law defamation claims do not derive from a common nucleus of operative facts and therefore it would be inappropriate for the Court to exercise supplemental jurisdiction over the defamation claim.

## **LEGAL STANDARD**

Under a Rule 12(b)(1) motion to dismiss, Byther bears the burden of establishing that the Court has subject matter jurisdiction over the contested claim. "Courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha*, 807 F.3d at 173. However, unlike a Rule 12(b)(6) motion to dismiss, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Mason v. Cmty. Unit Sch. Dist. No. 428*, 2019 WL 4201563, at *3 (N.D. Ill. 2019) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)).

"If a district court possesses original jurisdiction over one claim, 28 U.S.C.§ 1367(a) permits that court to also exercise supplemental jurisdiction over any claim that is 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Walker v. Ingersoll Cutting Tool Co.*, 915

4

F.3d 1154, 1157 (7th Cir. 2019). A federal court has discretion to exercise supplemental jurisdiction over state and federal claims that derive from a "common nucleus of operative facts." *Bailey v. City of Chicago,* 779 F.3d 689, 696 (7th Cir. 2015). "A loose factual connection between the claims is generally sufficient." *Marshall v. Boeing Co.*, 940 F. Supp. 2d 819, 822 (N.D. Ill. 2013) (citing *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995)).

## **DISCUSSION**

The Village argues that the Court lacks supplemental jurisdiction over Byther's defamation claim because it does not share a common nucleus of operative fact with the FMLA claims. The Court agrees.

The FMLA interference claim alleges that Defendants interfered with Byther's FMLA leave in the following ways: "(1) failing to provide Byther with written notice of his FMLA rights; (2) failing to advise Byther of his right to take intermittent leave; (3) misleading Byther regarding his FMLA rights; (4) failing to designate Byther's leave as FMLA qualifying; (5) failing to advise Byther when his leave qualified as FMLA leave; and (6) discouraging Byther from taking leave by adding additional obstacles in the way of his FMLA leave, and ultimately terminating his employment." *See* Dkt. # 38, ¶ 61. The FMLA retaliation claim alleges that Byther was terminated from his employment in retaliation for taking leave under the FMLA. In contrast, the defamation claim alleges that after Byther's termination, Beck-Fulgham and Roudez III

5

falsely accused Byther of stealing money from the Village's golf course and of having an affair with Wilson.

Byther attempts to link the defamation claim to the FMLA claims by asserting that the defamation claim stems from a broader retaliatory scheme in response to Byther's FMLA leave. Byther argues that the claims share the same retaliatory narrative, and that the defamatory statements are evidence of the smear campaign mounted against Byther. Byther also argues that the defamatory statements were an attempt to justify the pretextual termination of Byther's employment and to undermine his credibility.

However, the connection between the defamatory statements and the FMLA claims is too attenuated to warrant the exercise of supplemental jurisdiction over the defamation claim. The Amended Complaint fails to provide a factual nexus between the defamation claim and the FMLA claims. At best, the Amended Complaint alleges two separate sets of wrongdoing on the part of Byther's employer. This is not enough for supplemental jurisdiction. *See Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1095 (N.D. Ill. 2005) ("that these claims emerged out of the same factual background or from Berg's general employment relationship with [employer] is insufficient"). As Defendants point out, Byther does not allege that the defamatory statements were made in retaliation for his request for FMLA leave. The Amended Complaint does not allege that the defamatory statements influenced the decision to terminate Byther, or that they are connected in any meaningful way to the retaliation or interference claim. Instead,

6

the Amended Complaint states that the statements were made in retaliation for Byther's testimony on behalf of Wilson in Wilson's *arbitrary disciplinary matter* against the Golf Course. *See* Dkt. # 38, ¶ 53. From the face of the Amended Complaint, it appears that the statements were made in connection with Wilson's disciplinary proceedings and not the FMLA-related actions against Byther. Thus, the defamation claim appears to be based on a separate controversy with a separate set of facts from the FMLA claims.

The fact that the defamatory statements were made after Byther's termination also favors dismissal. *See Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253, 258 (N.D. Ill. 1992) ("[w]hen events which constitute plaintiff's federal claim occur prior to those which constitute the state law claim, the court does not have pendent jurisdiction"); *see also Coffee v. Ameritech, Inc.*, 2003 WL 168629, at *2 (N.D. Ill. 2003) (finding that the court lack supplemental jurisdiction over defamation claim where the alleged defamatory statements occurred months after plaintiff's suspension).

Accordingly, the Court grants Defendants' motion and dismisses Count V without prejudice for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss [51] is granted. Count V of the Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is directed to terminate Joseph Roudez III as a defendant, as the remaining counts of the Amended Complaint are against the Village and Defendant

7

Beck-Fulgham. The parties shall file a joint status report on 12/23/2024 regarding the possibility of settlement and a proposed discovery schedule. It is so ordered.

Dated: December 5, 2024

_____
Charles P. Kocoras
United States District Judge